# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **TONIE SLOCUM, ET AL.,** | ) | **CASE NO.1:14CV532** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CITY OF CLEVELAND HEIGHTS,** | ) | **OPINION AND ORDER** |
| **ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs Tonie Slocum, Shannon Slocum and Byou Bar and Grill LLC's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF # 4).  At this time, the Court's Opinion and Order refers only to the Motion for Temporary Restraining Order.  For the following reasons, the Court denies Plaintiffs' Motion.

On March 10, 2014, Plaintiffs Tonie and Shannon Slocum and Byou Bar & Grill LLC filed their Complaint in this Court alleging Due Process, Equal Protection, Excessive Fines and Free Speech/Freedom to Associate constitutional violations under 42 U.S.C. §1983. Plaintiffs seek declaratory and injunctive relief as well as compensatory and punitive damages

and attorneys fees.

This matter arises from Defendants' Resolution that Plaintiff Byou Bar & Grill was a nuisance under the City of Cleveland Heights' ordinances.  Upon issuing the Resolution, police officers from the City of Cleveland Heights entered the establishment and shut it down, thus depriving Plaintiffs of their livelihood.  Plaintiffs' Motion for Temporary Restraining Order asks the Court to order Defendants to reissue Plaintiffs' Certificate of Occupancy and prohibit Defendants from declaring Plaintiffs' business a nuisance, harassing Plaintiffs, demanding payments from Plaintiffs, making reference to Plaintiffs in any report to any Ohio liquor control authority about acts or activities that did not occur inside Plaintiffs' bar or referring to any acts or activities to which no Plaintiff has acquiesced.

## Background Facts

Tonie and Shannon Slocum are mother and daughter and own Byou Bar & Grill LLC. The Slocum's have spent over $175,000 to renovate Byou and allege they are in full compliance with all applicable state and local regulations.  According to Plaintiffs, the City of Cleveland Heights opposed the opening of the Byou and has engaged in numerous acts to force its closing, including: failing to provide adequate police protection, falsely reporting crimes occurring elsewhere in the community as having been committed on Byou property, declaring the premises a nuisance, despite lack of criminal activity or physical deterioration of the premises and declaring the business a nuisance because Plaintiffs called police to report crimes elsewhere in the neighborhood.

On February 3, 2014, City Council voted unanimously to adopt Resolution 10-2014, declaring the Byou a blighting influence and a hazard to the health and safety of patrons,

neighbors and the public and declared the premises to be a public nuisance.  The Resolution was based on seventy-eight police dispatches to the Byou since January 2012.  These included twenty-two phone calls claiming a disturbance, ten calls for suspicious persons, three calls of assault and fourteen emergency hang-up calls.  The Resolution resulted from reported shootings, fights and assaults on the premises and a drug investigation.  The Resolution permitted certain City officials to abate the problem in any manner allowed by law, including revocation of the Byou's certificate of business occupancy.  The certificate was revoked on February 5, 2014.

According to Plaintiffs, Building Nuisance Ordinance 553.04 requires the City issue Plaintiffs an estimate of the abatement costs, a description of the nature of the nuisance and afford Plaintiffs a reasonable time to abate the nuisance.  The nuisance order was upheld by the City's Nuisance Abatement Board of Review on March 4, 2014.  On March 6, 2014, the premises was shut down by the police.

Plaintiffs contend that unless the Court enjoins Defendants from denying Plaintiffs' constitutional rights, Plaintiffs will be deprived of their livelihood.

### Law and Analyis

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by

the injunction.  *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods*., 134 F. 3d

749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995)

(the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*,

2007 U.S. App. LEXIS 3886 (6th Cir. 2007).  While no single factor will be determinative as

to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d

1223, 1229 (6th Cir. 1985)), " a finding that there is simply no likelihood of success on the

merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir.

2000).

The moving party must establish its case by clear and convincing evidence.  *See Deck

v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United

Seal, Inc*., 404 F. 2d 256, 257 (6th Cir. 1968).

The Court may issue a temporary restraining order only if the movant gives security in

an amount that the court considers proper to pay the costs and damages sustained by any party

found to have been wrongfully enjoined or restrained.  (Fed. R. Civ. P. 65c).

According to Plaintiffs, they will likely succeed on the merits because Defendants

have acted contrary to the plain language of their own ordinance, acted without regard to

Ohio liquor control laws and are treating Plaintiffs differently than they do others who are

victims of crime.

Plaintiffs further contend their loss of good will is irreparable harm.  Every day that

passes with the business shut down erodes this good will.  Also, Plaintiffs contend the public

interest is served by requiring Defendants to do their jobs and stop blaming victims of crime.

Lastly, Plaintiffs assert Defendants will suffer no harm by allowing Plaintiffs to

conduct business on the premises because Defendants improperly sought to shut down Plaintiffs rather than seeking remediation of any alleged deficiencies.  Furthermore, the Defendants will not have any new burdens placed on them; only those burdens imposed on them by law - i.e. to police the City, punish wrongdoers and serve residents and businesses.

Defendants oppose the Motion, contending the City complied with its Ordinances and was justified in its Resolution finding Plaintiffs' establishment a nuisance.  The City provided Plaintiffs proper notice and stayed enforcement until Plaintiffs had an opportunity to appeal the enforcement.  Plaintiffs' counsel attended the appeal, questioned witnesses and offered Plaintiffs' defense.  Thus, all due process was provided Plaintiffs.

City of Cleveland Heights Ordinance 553.01 reads in pertinent part:

In addition, a nuisance or public nuisance means an unreasonable interference with a right common to the general public. Unreasonable interference includes those acts that significantly interfere with public health, safety, peace, comfort, or convenience, conduct that is contrary to a statute, ordinance, or regulation, or conduct that is of a continuing nature or one which has produced a permanent or long lasting effect upon the public right, an effect of which the actor is aware or should be aware.

Upon a resolution that a nuisance exists Ordinance 553.04 reads:

**553.04 ABATEMENT OF OTHER**
(a) If the City Manager or certified Building Official finds the existence of any other than those enumerated in Section 553.03, such official shall report such facts to Council which may thereupon declare such condition, building or structure a nuisance.  The Council may specify, upon the advice of the City Manager or certified Building Official, what reasonable activities, repairs or maintenance are necessary to abate such including, but not limited to, revocation of a Certificate of Occupancy.

City of Cleveland Heights Ordinance 553.08 establishes the Nuisance Abatement Board of Review assigned to hear appeals from orders issued under the nuisance ordinances.

At Section (b) of Ordinance 553.08 it reads:

> (b) The Abatement Board of Review shall have jurisdiction to hear appeals from orders issued pursuant to this chapter. All such appeals shall be filed in writing with the Director of Law within ten (10) business days of the posting/mailing of the order being appealed. Filing of the notice of appeal shall stay the order being appealed during the pendency of the appeal unless immediate abatement of the is necessary to protect the health, safety or welfare of the community.

On February 28, 2014, the Nuisance Abatement Board of Review held a hearing on Plaintiffs' appeal of the City of Cleveland Heights' Resolution 10-2014 finding Plaintiffs' establishment a nuisance.  There is no dispute Plaintiffs' attorney attended and presented arguments on behalf of Plaintiffs.  In a letter dated March 4, 2014, the Nuisance Abatement Board of Review issued its determination that Plaintiffs' establishment was involved in sixteen incidents constituting a nuisance under Ordinance 553.07 and affirmed the Revocation of Plaintiffs' Certificate of Occupancy.

Ordinance 553.07 reads:

(a) The following activities occurring on properties in the City of Cleveland Heights are hereby declared to be a public nuisance:

> **(1)** Unreasonable noise and other acts of disorderly conduct in violation of Section 509.03;
> (2) Any drug abuse offense in violation of Sections 513.03, 513.05, 513.07, or 513.08;
> (3) Assault in violation of Section 537.03 and/or domestic violence in violation of Section 537.14 provided that the offender is a resident of the premises where the assault or domestic violence occurs or an invited guest of a resident of said premises;
> ( 4) Littering and/or maintenance of litter in violation of Sections 527.05, 527.12, 527.13, 1351.29 and/or 1369.07.
> (5) Barking or howling animals in violation of Section 505.04;
> ( 6) Keeping a vicious dog on the premises, on a permanent or temporary basis, or allowing such a dog to remain on the premises, in violation ofSection505.091;

6

(7) Public Indecency in violation of Section 533.07; or
(8) Any of the following activities, when conducted by a resident or occupant
of a premises against a person who resides within 1,000 feet of the resident or
occupant or against the property of such a person:
A. A theft offense in violation of Sections 545.05 or 545.08;
**B.** An offense against property in violation of
Section 541.02, 541.03, 541.04, 541.05, 541.051, 541.06 or 541.08;
C. An offense against person in violation of
Section 537.03, 537.04, 537.05, 537.051, 537.06, 537.07, 537.08, 537.09, 537.10 or
537.11; or
D. Littering in violation of Section 527.12.
(9) Commercial parties in residential districts in violation of Section 509.09.
(10) Using the telephone number of the 9-1-1 System to report an emergency **if**
a person knows that no emergency exists or knowingly using a 9-1-1 System
for a purpose other than obtaining emergency service in violation of Section
4931.49(D) and/or Section 4931.49(E) of the Ohio Revised Code.
Actions committed by a juvenile that would constitute an offense listed in this
section if committed by an adult are also declared to be a public nuisance.

The crux of Plaintiffs' TRO contends "If not enjoined by this Court, Defendants and

their agents, representatives and employees will continue to implement the Resolution,

continue to administer the Building Nuisance Chapter contrary to its express terms, and

continue to implement other similar policies and practices."

The Court finds Plaintiffs have not shown by clear and convincing evidence a strong

likelihood of succeeding on the merits sufficient to warrant the extraordinary relief of a

Temporary Restraining Order.  At this stage of the proceedings, Plaintiffs do not rely on their

Equal Protection claim, instead, as Plaintiffs state in their Reply "the focus here is on the due

process and excessive fines claims..." (ECF # 10 pg. 1).  In a procedural due process

challenge as is asserted here, the Sixth Circuit holds, "while the nature of the interest at stake

dictates the amount of process due, notice and an opportunity to respond is generally what is

required.  *Miller v. Lorain County Bd. of Elections* 141 F.3d 252, 260 (6th Cir.1998), citing

*Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 546 (1985).

Plaintiffs' TRO fails for several reasons.   Plaintiffs' TRO relies on an inapplicable section of City of Cleveland Heights Ordinances involving property nuisances.  That section reads:

> The City Manager or certified Building Official, upon finding that a nuisance exists in matters involving sidewalks, weeds, tall grass, landscaping, unsecured vacant property, or abandoned unusable personal property or other debris may cause written notice or order to be served on the owner of the real estate. The notice or order shall set forth the nature of the estimate of the cost of abating the same if done by the City, a reasonable time determined by the City Manager or certified Building Official within which the owner shall abate the nuisance or pay the estimated cost to the City, and the statement that unless the is abated within the stated time it may be abated by the City and the cost of abatement assessed on the real estate involved, and the City may prosecute the owner for failure to comply with the order.

According to Plaintiffs' TRO, the City failed to abide by the notice requirements of the above Section .  However, the appropriate section was 553.04, as quoted on page 5, which does not require the City set forth an estimate of costs of abating, give the owner time to abate or notice that prosecution may occur.   Defendants attached the Notice sent to Plaintiffs via letter dated February 4, 2014, informing Plaintiffs of the Resolution and of their right to appeal.  There is no dispute Plaintiffs had an opportunity to challenge the Resolution, did in fact challenge the Resolution and were able to knock out many of the alleged nuisance incidents relied on in the original Resolution. (The Resolution alleged 78 incidents, the Board found 16 implicated Plaintiffs' establishment).  There is insufficient evidence at this stage of the proceedings to warrant a challenge to the Boards findings and Plaintiffs were provided an opportunity to be heard.

Plaintiffs further argue the City failed to follow the proper procedure because the

Resolution depended upon the Report of the Chief of Police whereas the Ordinance requires a finding of a nuisance be reported by the City Manager or certified Building Official.  The Court finds this procedural issue to be harmless error.  Regardless of what official reported the incidents to Council, due process under the Ordinance was afforded Plaintiffs.

Furthermore, the City's representation of the ongoing public safety risk posed by the Byou further militates against a TRO.  The impact on the public interest is yet another factor for Court to consider.  While Plaintiffs allege they will suffer substantial damage to their own financial condition and loss of  goodwill, the interest in protecting the public from assaults, drug activity and gun violence outweighs such concerns considering the slight evidence before the Court at this stage.  The danger to the public of drug dealing, gun violence and assaults presents sufficient serious concerns that militate against granting a TRO.

Therefore, for the foregoing reasons, the Court denies Plaintiffs Motion for Temporary Restraining Order.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  March 25, 2014

9