UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TONIE SLOCUM, ET AL., ) | CASE NO.1:14CV532 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| CITY OF CLEVELAND HEIGHTS, ) | **OPINION AND ORDER** |
| ET AL., ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant City of Cleveland Heights' Motion for Temporary Restraining Order (ECF # 15).  For the following reasons, the Court denies, in part, Defendant's Motion.   The Court denies Defendant's Motion for Temporary Restraining Order and will set a hearing on Defendant's Motion for Preliminary Injunction.

The Court recites the following facts as described in the Court's prior order denying Plantiffs' Motion for Temporary Restraining Order.  Tonie and Shannon Slocum are mother and daughter and own Byou Bar & Grill LLC.  The Slocum's have spent over $175,000 to renovate Byou and allege they are in full compliance with all applicable state and local regulations.  According to Plaintiffs, the City of Cleveland Heights opposed the opening of

the Byou and has engaged in numerous acts to force its closing, including: failing to provide adequate police protection, falsely reporting crimes occurring elsewhere in the community as having been committed on Byou property, declaring the premises a nuisance, despite lack of criminal activity or physical deterioration of the premises and declaring the business a nuisance because Plaintiffs called police to report crimes elsewhere in the neighborhood.

On February 3, 2014, City Council voted unanimously to adopt Resolution 10-2014, ("Resolution") declaring the Byou a blighting influence and a hazard to the health and safety of patrons, neighbors and the public and declared the premises to be a public nuisance. The Resolution was based on seventy-eight police dispatches to the Byou since January 2012. These included twenty-two phone calls claiming a disturbance, ten calls for suspicious persons, three calls of assault and fourteen emergency hang-up calls. The Resolution resulted from reported shootings, fights and assaults on the premises and a drug investigation. The Resolution permitted certain City officials to abate the problem in any manner allowed by law, including revocation of the Byou's Certificate of Business Occupancy. The Certificate was revoked on February 5, 2014.

Defendant now moves for a TRO, contending that in spite of the City's revocation of Plaintiffs' Certificate of Occupancy, Plaintiffs' continue to operate their business on the premises. Defendant asks the Court to enjoin Plaintiffs' from operating their business.

## Law and Analysis

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1)

whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction.  *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods*., 134 F. 3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007).  While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d 1223, 1229 (6th Cir. 1985)), " a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

  The moving party must establish its case by clear and convincing evidence.  *See Deck v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc*., 404 F. 2d 256, 257 (6th Cir. 1968).

  The Court may issue a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.  (Fed. R. Civ. P. 65c).

  According to Defendant, due to the large number of disturbances that either occurred at the Byou or were initiated at the Byou and then spilled out onto the surrounding neighborhood, the Byou presents a nuisance to the community.  The City conducted a hearing wherein the Plaintiffs' had ample opportunity to present a defense.  After the City determined Plaintiffs' business was a nuisance, Plaintiffs had an opportunity to appeal, did so, and lost.

The City revoked Plaintiffs' Certificate of Occupancy, yet Plaintiffs continue to operate their business on the premises.  Even after the Certificate of Occupancy was revoked, Defendants contend another disturbance occurred on the premises requiring the City dispatch police officers to Plaintiffs' establishment.

According to Defendant, it is entitled to injunctive relief because its counterclaim for temporary, preliminary and permanent injunctive relief has a strong likelihood of success on the merits.  Defendant argues its Resolution No. 10-2014, finding Plaintiffs' Byou Bar a nuisance, will be upheld as a valid exercise of a municipality's constitutional authority. Defendant contends it will suffer irreparable harm if Plaintiffs are allowed to continue operating the Byou.  The neighborhood will deteriorate to a blighted condition and the health, safety and welfare of the residents will be compromised if the criminal and quasi-criminal activity the bar attracts is permitted to continue unabated.

Defendant further argues the public interest is served by enjoining the continued operation of Byou because it attracts a criminal clientele that endangers the public. An injunction would therefore, protect the public.  For the same reasons, an injunction presents no risk of harm to others; instead, it will protect the public.

Lastly, the Defendant states it has no adequate remedy at law, since traditional police methods have thus far been unsuccessful in stopping Byou operations.  Also, Defendant asserts that once blight sets in, it is irreversible and no compensation is adequate to correct such a condition.

Plaintiffs oppose Defendant's Motion, contending that closing the Byou would irreparably harm Plaintiffs.  Plaintiffs contend the Resolution relied on the Defendant's

4

representation that there were over 30 police dispatches to the Byou in response to disturbances, yet at the appeals hearing, the police produced reports on only 16.  Furthermore, the Resolution referred to underage drinking at the Byou, yet on examination, the police chief conceded there were no reports of underage drinking.  Instead, according to Plaintiffs, this is merely an attempt by the City to eliminate minority owned businesses or those businesses that cater to African-American clientele.

Plaintiffs also complain that they were not afforded their due process rights because the Resolution did not allow them an opportunity to be heard.  Also, they contend the Appeals Board was comprised of individuals who either drafted and promulgated the Ordinance at issue or their designees.  Plaintiffs further contend the Resolution and subsequent affirmance by the Appeals Board relied largely on the City's representation that two shootings allegedly occurred at the Byou in September of 2013 and January of 2014.  Plaintiffs had video surveillance of the premises on the dates in question and believe the video would show those incidences did not occur in the Byou.  The City confiscated the videos and would not provide them to Plaintiffs, thus depriving Plaintiffs of a defense.

Lastly, Plaintiffs assert that the relevant Ordinance's effective date was November 18, 2013.  Therefore, many of the alleged disturbances cited by Defendants and relied on when Defendants adopted the Resolution predated the effective date of the Ordinance thus, Plaintiffs argue a constitutional violation via *ex post facto* laws.

Having considered the parties' briefs and supporting materials, the Court denies Defendant's Motion for a Temporary Restraining Order.  Defendant has not met its burden to show by clear and convincing evidence it is entitled to the extraordinary relief of an

injunction.  First, there is a genuine dispute of fact whether any disturbances have occurred at the Byou since the City revoked its certificate of occupancy.  Police Chief Jeffrey Robertson's affidavit asserts that police were called to the Byou on March 7, 2014, to break up a fight.  Tonie Slocum's affidavit asserts no bad incidents have taken place since the revocation.  There is no evidence that blight is imminent.  In fact, the only evidence that blight is imminent is Chief Robertson's affidavit stating that he attended neighborhood association meetings where residents expressed concern about the neighborhood deteriorating if the disturbances at the Byou continued.  This hearsay evidence of unidentified residents alleging concerns that blight will set in is insufficient to establish by clear and convincing evidence immediate irreparable harm.  Finally, the City has not provided any evidence that it is beyond the City's enforcement ability to prevent Plaintiffs from continuing to operate the Byou.  The City of Cleveland Heights Ordinances reveal that operating a business without a Certificate of Business Occupancy constitutes a minor misdemeanor (City of Cleveland Heights Ordinance 1365.99).  Defendant has offered no evidence, argument or explanation why it is unable to enforce its own Ordinances.

The Supreme Court has stated that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray,* 415 U.S. 61, 88, (1974).  The Court finds that at this point in the litigation, Defendant has failed to meet its burden to show by clear and convincing evidence irreparable harm and inadequacy of legal remedies.  The issues presented in both Plaintiffs and Defendant's Motions are best resolved on Preliminary Injunction after some discovery and with a hearing.  Therefore, Defendant's Motion is denied, in part, insofar as it seeks a Temporary Restraining

Order.  Counsel shall confer and submit a proposed joint schedule on their respective Motions for Preliminary Injunction.  The proposed schedule shall be submitted no later than May 16, 2014.

 IT IS SO ORDERED.

            s/ Christopher A. Boyko
            CHRISTOPHER A. BOYKO
            United States District Judge

Dated:  May 9, 2014