IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TONIE SLOCUM, *et al.*, | CASE NO. 1:14-cv-00532 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE NANCY A. VECCHIARELLI |
| CITY OF CLEVELAND HEIGHTS, *et al.*, | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** **(Doc. No. 36)** |

This case is before the undersigned United States Magistrate Judge upon the consent of the parties. (Doc. No. 32.) Currently pending before the Court is Defendants' motion to remand five misdemeanor criminal actions to Cleveland Heights Municipal Court. (Doc. No. 36.) For the reasons set forth below, Defendants' motion to remand is GRANTED and the misdemeanor criminal actions are hereby REMANDED to the municipal court.

## I. BACKGROUND

The following facts are not in dispute. Plaintiffs Tonie Slocum and Shannon Slocum own and operate the Byou Bar and Grille, LLC ("Byou") located at 2573 Noble Road in Cleveland Heights, Ohio. In February 2014, Defendant City of Cleveland Heights ("City") revoked the Byou's certificate of occupancy after declaring the Byou a public nuisance. Plaintiffs continued to operate the Byou and, in March 2014, City police officers issued Shannon Slocum five misdemeanor citations and summons for operating a business without a certificate of business occupancy, resulting in Cleveland Heights Municipal Court case numbers CRB 1400437; CRB 1400438; CRB1400439;

CRB 1400440; and 1400460.

Also in March 2014, Plaintiffs filed a Complaint in this Court, alleging claims arising under the Ohio and United States' Constitutions and 42 U.S.C. § 1983 for violations of due process, freedom of speech and association; discrimination; and excessive fines.  (Doc. No. 1.)  In May 2014, Plaintiffs filed a Notice of Removal, in which they purport to remove the misdemeanor criminal cases to this Court on the basis of 28 U.S.C. § 1443.  (Doc. No. 28.)  Thereafter, Defendants filed a motion to remand the misdemeanor cases to Cleveland Heights Municipal Court, as well as a supplement/amended version of that motion.  (Doc. Nos. 36, 37.)

## II.    LAW & ANALYSIS

Plaintiffs purport to remove the misdemeanor criminal cases pursuant to § 1443, which permits removal in certain cases:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Sixth Circuit has described § 1443 as "a very special statute to deal with specific and discrete problems involving removal of cases, civil or criminal, in which the defendant cannot enforce his claim of civil rights in the state court."  *Conrad v.*

2

*Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). The statute is "specifically designed to extricate protected persons from state civil and criminal prosecution and provide instead a federal forum." *Id*. Further, "[a]s with any removal statute, the defendant [in the state criminal or civil prosecution] has the burden of establishing that removal is proper." *Id*. Here, Plaintiffs have not satisfied their burden of demonstrating that removal under either subsection of § 1443 is proper in this case.

In order to merit removal under subsection one of § 1443, a defendant must show, first, that "the right denied defendant [is] one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and, second, that the defendant is "unable to or [is] denied the opportunity to enforce those specified federal rights in the courts of the state in question." *Conrad*, 871 F.2d at 614-15 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). In *City of Greenwood*, the Supreme Court emphasized that the mere invocation of federal constitutional rights is not sufficient to merit removal under the first subsection of § 1443 because those rights are not "rights arising under a law providing for 'equal civil rights' within the meaning of § 1443(1). 384 U.S. at 825 (internal citation omitted); *see also Georgia v. Rachel*, 384 U.S. 780, 792 (1966) ("[T]he defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that s 1443 demands."). Rather, the right in question must be one that arises under a federal law specifically intended to correct

racial inequality. *See Rachel*, 384 U.S at 792-93 (concluding that petitioners were entitled to removal under § 1443(1) because they were being prosecuted for trespass after peacefully exercising their right to equal accommodation in establishments, a right created by the Civil Rights Act of 1964, which addressed racial inequality).

Here, Plaintiffs have alleged numerous deprivations of various constitutional rights. In their Notice of Removal, they assert that removal is proper because this Court's "original jurisdiction . . . has been invoked under 42 U.S.C. § 1983 for violation of [Shannon Slocum's] civil rights by, among other malicious actions, canceling an occupancy permit for [Byou] in violation of constitutional protections and without due process." (Doc. No. 28 at 2.) In other words, Plaintiffs allege violations of rights of "general application available to all persons or citizens." *Rachel*, 384 U.S. at 792. Unlike the petitioners in *Rachel*, whose state criminal prosecutions violated the Civil Rights Act of 1964, Plaintiffs have not identified any federal civil rights statute, stated in terms of racial inequality, that protects Shannon Slocum from prosecution for her alleged misconduct. Even to the extent that Plaintiffs argue that Defendants have singled out Shannon Slocum for selective prosecution, that argument invokes a broad constitutional right that, while important, is not "phrased . . . in the specific language of racial inequality that § 1443 demands." *Id*. Further, Plaintiffs point to no authority that permits removal of a state criminal prosecution merely because the criminal defendant has alleged violations of § 1983 related to that prosecution. Accordingly, there is no basis for removal under subsection (1) in this case.

To the extent that Plaintiffs purport to remove the misdemeanor criminal actions on the basis of subsection (2) of § 1443, such removal is not proper. It is well

established that removal under § 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties" or to "state officers." *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824, n.2 (1966); *see also Detroit Police Lieutenants and Sergeants Assoc. v. City of Detroit*, 597 F.2d 566, 568 (6th cir. 1979) ("[D]efendants are not persons assisting federal officers and, therefore, removal is not proper under . . . subsection two."). Specifically, the second subsection of § 1443 "confers a privilege of removal only upon federal officers or agents or those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Plaintiffs do not contend that Shannon Slocum was assisting state or federal officers in affirmatively executing their duties under any civil rights law.[1] Accordingly, subsection (2) does not provide a basis for removal in this case.[2]

---

[1] Plaintiffs contend at various points in their pleadings that they frequently called the City's police department to report criminal activity in the neighborhood around Byou. They point to no legal authority, however, holding that such conduct constitutes the type of authorized affirmative assistance of a federal officer or agent that merits removal under *City of Greenwood*.

[2] In addition to failing to state a basis for removal under § 1443, Plaintiffs have failed to follow the procedural requirements of removal to this Court. Plaintiffs point to no authority permitting them to remove state criminal prosecutions to a pending civil case in district court, as they have attempted to do here. Further, the docket does not reflect that Plaintiffs paid the $400.00 fee for filing a notice of removal in this Court. This Court is aware of no procedural rule, and Plaintiff have cited none, that would allow a party to remove not only one, but four separate state criminal cases directly into a pending federal civil case. Even if this Court were to assume (which it does not) that these criminal cases can be removed to federal court, the filing of a separate, removed case (with a paid filing fee) and a motion to transfer and/or to consolidate cases would seem to be a more appropriate approach.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to remand is GRANTED and the misdemeanor criminal actions are hereby REMANDED to the municipal court.

**IT IS SO ORDERED**.

                                                s/ *Nancy A. Vecchiarelli*
                                                U.S. Magistrate Judge

Date: June 19, 2014